■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARLOS YANEZ, Appellant. [630 NYS2d 546] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered March 25, 1994, convicting him of assault in the second degree and criminal possession of a

weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was not denied his right to a speedy trial pursuant to CPL 30.30. The trial court charged the People with 136 days from the commencement of the criminal action until the filing of the indictment (see, People v Cortes, 80 NY2d 201, 208, 211). Thereafter, the People announced their readiness for trial. The defendant asserts that the People should also be charged with post-readiness delay for the period from November 24, 1993, until January 3, 1994. Although the reason for that adjournment was not apparent from the record, the trial court recalled that it granted that adjournment because "I was told we need that adjournment. We have to wait for the minutes and all that. So the Court put it over at the request of counsel". The defense counsel did not object to that finding. Thus, the trial court was able to make an informed decision as to the reason for the delay (cf., People v Cortes, supra, at 215; People v Liotta, 79 NY2d 841, 843), which was not contested by the defendant (see, People v Boyd, 189 AD2d 433, 439). Since the reason for the delay had no bearing on the People's readiness for trial, that delay cannot be charged to the People (see, People v McKenna, 76 NY2d 59; People v Anderson, 66 NY2d 529). In light of that determination, we need not reach the defendant's contention that the court should have charged the People with an additional 25-day period of delay from the filing of the indictment until the defendant's arraignment on the indictment.

The defendant's remaining contentions are unpreserved for appellate review, and, in any event, are either without merit or relate to harmless error. O'Brien, J. P., Joy, Goldstein and Florio, JJ., concur.