■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v POLO BROWN, Respondent. [642 NYS2d 281] —Order, Supreme Court, New York County (Bonnie Wittner, J.), entered July 9,

1993, dismissing the indictment against defendant for violation of his statutory right to a speedy trial, is unanimously reversed, on the law and the facts, and the indictment is reinstated.

Once a criminal action is commenced against a defendant, the People must be prepared to proceed to trial within six months, plus excludable time, from the date of defendant's arraignment (CPL 30.30 [1] [a]; [4]; *People v Sinistaj*, 67 NY2d 236, 239; *People v Sigismundi*, 222 AD2d 382, 383). Since defendant herein was arraigned on May 10, 1992, the six-month period amounts to 184 days. The trial court found that because 223 days were chargeable to the People, the indictment must be dismissed. We disagree.

On June 30, 1992, the case was adjourned "for Defense motions" to August 4, 1992, a period of 35 days. Although the hearing court found this period to be includable, it was, in fact, excludable as time expended for motion practice (*see, People v Buong Sai*, 223 AD2d 439-440; *People v Bissereth*, 194 AD2d 317, *lv denied* 82 NY2d 714).

Further, the 133-day period from August 4, 1992 to December 15, 1992 is excludable, as expressly conceded by defendant (*see, People v Boyd*, 189 AD2d 433, 438, *lv denied* 82 NY2d 714; *see also, People v Yanez*, 218 AD2d 719, *lv denied* 86 NY2d 875). As a result, a total of 168 days were improperly charged to the People and, accordingly, the indictment should not have been dismissed. Concur—Milonas, J. P., Kupferman, Ross and Tom, JJ.