■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO RAMIREZ, Defendant-Appellant. [696 NYS2d 20] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered July 22, 1997, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning credibility. The complainant's testimony that, while the codefendant pointed a gun at the complainant, defendant looked through the complainant's wallet and discussed with the co-defendant how to obtain more money from the complainant, amply established that defendant shared a " 'community of purpose' " with the co-defendant (*People v Allah*, 71 NY2d 830, 832).

Defendant's claim that the unsequestered deliberating jury conducted deliberations in the absence of a juror who arrived late is a claim requiring preservation (*see, People v Agramonte*, 87 NY2d 765), and we decline to review it in the interest of justice. Were we to review this claim, we would find it unsupported by the record.

The court's decision to adjourn deliberations over the weekend rather than call a mistrial due to the absence from court of the codefendant was an appropriate exercise of discretion (*see, Matter of Plummer v Rothwax*, 63 NY2d 243, 250), particularly since the jury was not sequestered. The record does not support defendant's claim that the delay resulted in a coerced verdict. Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.