■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD YARMY, Appellant. [706 NYS2d 635] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered February 25, 1997, convicting defendant, after a jury trial, of manufacture, transport, disposition and defacement of weapons and dangerous instruments and appliances (six counts), criminal sale of a firearm in the second degree (four counts), and conspiracy in the fifth degree, and sentencing him to five consecutive terms of 2 to 6 years to be served concurrently with five concurrent terms of 2 to 6 years and a concurrent term of 1 year, unanimously affirmed.

Defendant's challenges to the sufficiency of the evidence with respect to particular elements of certain counts are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the elements at issue on appeal were properly established through circumstantial evidence (see, People v Rossey, 89 NY2d 970).

Defendant's claim that the court failed to direct the non-sequestered jurors to cease deliberations while in recess is subject to normal preservation rules (see, People v Agramonte, 87 NY2d 765, 769-770; People v Webb, 78 NY2d 335, 338-339; People v Ramirez, 264 AD2d 666), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find the charge, viewed as a whole (see, People v Ladd, 89 NY2d 893, 895), adequately conveyed the proper instructions on cessation of deliberations. In any event, there is nothing in the record to support defendant's supposition that some of the jurors might have continued deliberating on their way home (see, People v Moore, 227 AD2d 227, lv denied 88 NY2d 990).

We conclude that the sentence was not based on any inappropriate criteria, and we perceive no abuse of sentencing discretion or other basis for a reduction in sentence.

Defendant's remaining contentions, including those contained in his pro se supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Wallach, J. P., Lerner, Rubin and Buckley, JJ. [See, 171 Misc 2d 13.]