■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD DOZIER, Appellant. [717 NYS2d 527] —Judgment, Supreme Court, New York County (John Bradley, J., at speedy trial motion; Marcy Kahn, J., at jury trial and sentence), rendered May 1, 1997, convicting defendant of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 18 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's guilt was established by expert testimony as to the scientific certainty of the fingerprint comparison, and by the absence of evidence of any reasonable innocent explanation for the presence of defendant's fingerprint on the complainant's property.

Defendant's speedy trial motion was properly denied. Defendant's various procedural challenges to the court's disposition of the motion are unpreserved and we decline to review them in the interest of justice. The period between October 4, 1996 and November 15, 1996 was properly excluded as an adjournment on consent. The minutes of that adjournment confirm that, after a bench conference, the court referred to the adjournment, without contradiction, as consented to by the defense. The period between November 15, 1996 and December 6, 1996 was also properly excluded as a reasonable time, under all the circumstances, to comply with defendant's request for better copies of the fingerprint evidence.

The portion of the prosecutor's summation challenged by defendant as speculative was a fair comment on the evidence in

response to an argument made in defense counsel's summation (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976). Defendant's remaining contentions concerning the summation, each of which requires preservation (*see, People v Burke*, 72 NY2d 833, 836) are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged comments did not shift the burden of proof or deprive defendant of a fair trial. Concur— Tom, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.