■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE OSORIO, Respondent. [746 NYS2d 256]

---

* No affidavit of service of the summons and complaint is included in the record on appeal.

Defendant was arraigned on the felony complaint on August 3, 1998 and, pursuant to CPL 30.30 (1) (a), the People had six months or 184 days to be ready for trial. There are only six intervals which the court found chargeable to the People, totaling 47 days, which are challenged on this appeal.

In his moving papers, defendant stated that an accusatory instrument was filed on August 3, 1998. As a result, the People conceded that the three-day period from August 4 to August 7, 1998 was properly charged to them. Therefore, the motion court was mistaken in stating that the People conceded four days and, absent anything in the record to the contrary, defendant's present claim that the accusatory instrument was filed on August 2, 1998 is unavailing. Thus, three, not four, days should have been properly included as chargeable delay (see, People v Cortes, 80 NY2d 201).

Defendant also conceded in his moving papers that the 12-day period of delay between August 7 and August 19, 1998 should not have been charged to the People. However, the motion court found that such concession was apparently based upon counsel's mistaken belief that the waiver of release under CPL 180.80 also constituted a waiver of the speedy trial readiness time. However, there is no support in the record for such conclusion since counsel never stated a reason for her concession. As such, the People were entitled to rely upon counsel's concession and should not have been charged with the burden of obtaining the minutes for an unchallenged adjournment (cf., People v Lacey, 260 AD2d 309, 312, lv denied 93 NY2d 1003). Thus, that 12-day period of time is excluded.

On October 14, 1998, the People requested a two-day delay and the matter was adjourned to October 29, 1998. The People filed a statement of readiness on October 16, 1998. Defendant now concedes that the motion court erred in charging the People with this additional 13 days (People v Smith, 82 NY2d 676). Thus, the People are charged with only two days of delay with 13 days excludable.

The remaining dates in question: September 9 to September 10, 1999 (one day); October 25 to October 28, 1999 (three days); and October 28 to December 9, 1999 (only 12 days of which were charged to the People) were improperly charged to the People inasmuch as a motion to consolidate was pending. Pursuant to CPL 30.30 (4) (a), time attributable to motion practice

is excludable from the time within which the People must announce their readiness for trial. The time consumed by a motion to consolidate is excludable and should not be charged to the People (*People v David,* 253 AD2d 642, 647, *lv denied* 92 NY2d 948). This entire 16-day period is excludable.

Thus, the People were improperly charged with 42 days of delay. When those 42 days are deducted from the 219 days charged, the total time chargeable to the People is 177 days, which is within the 184-day statutory limit. Concur—Tom, J.P., Andrias, Saxe, Ellerin and Wallach, JJ.