■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVE DOCKERY, Appellant. [758 NYS2d 57] —Judgment, Supreme Court, Bronx County (Peter Benitez, J.), rendered June 18,

1999, convicting defendant, after a jury trial, of robbery in the first degree (two counts), burglary in the first degree, and robbery in the second degree (two counts), and sentencing him, as a second felony offender, to concurrent terms of 20 years on each of the first-degree robbery and burglary convictions, and 15 years on the second-degree robbery convictions, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentences on the robbery in the first degree and burglary in the first degree convictions to 15 years, and otherwise affirmed. Judgment, same court (Peggy Bernheim, J.), rendered September 14, 1999, convicting defendant, upon his plea of guilty, of assault in the second degree, and sentencing him, as a second felony offender, to a concurrent term of seven years, unanimously affirmed.

Although defendant claims on appeal that he challenged a certain prospective juror for cause, the record fails to support that assertion, and reflects only a peremptory challenge. Furthermore, the record does not show that the court "expressly decided the question raised on appeal" (CPL 470.05 [2]). Accordingly, defendant's claim of error is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the panelist's voir dire responses showed that her scheduling conflict was manageable and that she did not have a state of mind likely to preclude her from rendering an impartial verdict (see CPL 270.20 [1] [b]).

The court properly exercised its discretion when, after a careful inquiry, it refused to dismiss a sick juror during deliberations (see People v Page, 72 NY2d 69, 73 [1988]). The record supports the court's determination that, as the result of rest and medical assistance, the juror was able to resume deliberations. The court's probing and tactful questioning of the juror was thoroughly appropriate and did not coerce the juror into agreeing to remain.

Defendant's claim that he was deprived of his right to a trial by a jury of 12 because the remaining 11 jurors allegedly engaged in deliberations in the absence of the ill juror is a claim requiring preservation (People v Ramirez, 264 AD2d 666 [1999], lv denied 94 NY2d 828 [1999]), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that there is no evidence in the record that the jury discussed the case in the ill juror's absence.

The court properly refused to dismiss two sworn jurors as "grossly unqualified" since, after a probing and tactful inquiry, the trial court reasonably concluded from the totality of the

jurors' conduct and their individualized responses that they would be able to render an impartial verdict (*see* CPL 270.35; *People v Buford*, 69 NY2d 290, 298 [1987]). Although defendant asserts that these two jurors may have become biased against him or his relatives because of certain events that transpired during the trial, that assertion rests on speculation.

The court properly exercised its discretion in denying defendant's and defense counsel's midtrial requests for a substitution of counsel. Defendant, who received a sufficient opportunity to voice his complaints, failed to establish the requisite good cause (*see People v Sides*, 75 NY2d 822 [1990]). Defendant's unjustified hostility toward his attorney did not constitute good cause (*see People v Sawyer*, 57 NY2d 12, 19 [1982], *cert denied* 459 US 1178 [1983]; *People v Medina*, 44 NY2d 199, 208-209 [1978]).

We find the sentence excessive to the extent indicated. Concur—Tom, J.P., Saxe, Ellerin, Lerner and Gonzalez, JJ.