THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELTON FORBES, Appellant. [777 NYS2d 470]—

Judgments, Supreme Court, New York County (Renee A. White, J., on speedy trial motions; Lewis Bart Stone, J., at jury trial and sentence), rendered July 20, 2001, convicting defendant of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in or near school grounds and criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony offender, to an aggregate term of 5 to 10 years, unanimously affirmed.

The court properly denied defendant's speedy trial motions.

Defendant's challenges to the two periods at issue have not been preserved for appellate review since defendant failed to raise these claims before the motion court (*People v Goode*, 87 NY2d 1045 [1996]), and we decline to review them in the interest of justice. Were we to review these challenges, we would find that the time between April 25 and May 16, 2000 was excludable because on April 25 the court decided defendant's omnibus motion and the People were entitled to a reasonable time to prepare for hearings and trial (*see People v Green*, 90 AD2d 705 [1982], *lv denied* 58 NY2d 784 [1982]), constituting "a reasonable period of delay resulting from . . . pre-trial motions" within the meaning of CPL 30.30 (4) (a). The period between July 13 and August 1, 2000 was also excludable since the adjournment request was initiated by defendant (*see People v Jenkins*, 286 AD2d 634 [2001], *lv denied* 97 NY2d 683 [2001]).

The court's instructions about the administrative duties of the jury foreperson, and its response to a note from the deliberating jury on this subject, were appropriate. Although the court made a reference to the foreperson "chairing" the discussions, it stated that it was up to the jury as a whole to decide what such "chairing" would constitute, and that the foreperson's opinion and vote were entitled to the same weight as that of any other juror (*see People v Benito*, 287 AD2d 387 [2001], *lv denied* 97 NY2d 679 [2001]; *cf. People v Rosa*, 122 Misc 2d 905, 906 [1984]). The court also stated that any juror could compose a note for submission to the court.

We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count (*see People v Spence*, 290 AD2d 223 [2002], *lv denied* 98 NY2d 641 [2002]; *People v Kulakov*, 278 AD2d 519 [2000], *lv denied* 96 NY2d 785 [2001]). Concur—Nardelli, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.