■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIONEL WELLS, Appellant. [791 NYS2d 34]—

Judgment, Supreme Court, New York County (Renee A. White, J., on speedy trial motion; Edward J. McLaughlin, J., at jury trial and sentence), rendered July 9, 2001, convicting defendant of three counts of criminal sale of a controlled substance in the third degree, and sentencing him to concurrent terms of 4½ to 9 years, unanimously affirmed.

The court properly denied defendant's speedy trial motion. We find that only 173 days are properly includable.

As the People concede on appeal, the court, which was under the misimpression that on April 13, 2000 a bench warrant had been issued and stayed, erred in excluding the period from April 13 to April 26. However, the court properly excluded the period from April 26 to May 10, 2000 pursuant to CPL 30.30 (4) (c) because a bench warrant was issued on April 26 and defendant failed to appear until May 10. Defendant argues on appeal that the warrant should not have been issued, since he allegedly had not been notified that his adjourned date had been advanced. However, since defendant never made this argument before the motion court, the People were not required to establish that defendant had been so notified (*see People v Osorio*, 297 AD2d 231, 232 [2002]). In any event, the relevant minutes indicate that defendant had been notified to appear in court on April 26.

The court properly excluded the period from September 19 to October 24, 2000 as a reasonable delay resulting from pretrial motions (*see* CPL 30.30 [4] [a]), because the People are entitled to a reasonable period of time to prepare for hearings after the court decides such motions (*see e.g. People v Ailes*, 268 AD2d 370 [2000], *lv denied* 94 NY2d 901 [2000]). The court properly rejected the People's erroneous concession that this period was includable, and defendant was not deprived of the opportunity to litigate this issue (*see People v Strong*, 276 AD2d 271 [2000], *lv denied* 96 NY2d 807 [2001]; *compare People v Chavis*, 91 NY2d 500, 506 [1998]). Moreover, in his motion papers, defendant effectively conceded the excludability of this period, and when the court disregarded the People's concession and found

the period to be excludable, defendant made no further argument.

The record establishes that defendant received effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Hobot*, 84 NY2d 1021, 1024 [1995]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant's remaining contentions, each of which requires preservation (*see People v Yarmy*, 271 AD2d 287 [2000], *lv denied* 95 NY2d 940 [2000]), are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Concur—Tom, J.P., Saxe, Ellerin, Nardelli and Sweeny, JJ.