(March 29, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS BAUMANN, Respondent. [834 NYS2d 28]—

Order, Supreme Court, Bronx County (Troy K. Webber, J.), entered on or about November 28, 2005, which granted defendant's CPL 30.30 motion to dismiss the indictment, unanimously reversed, on the law and the facts, the motion denied and the indictment reinstated.

The primary period at issue on this appeal is a 14-day adjournment commencing on January 13, 2005. At this Court appearance, the People announced they were not ready to proceed. However, defense counsel then stated: "I'm not ready for trial at this point anyway." Counsel explained that he had received the complainant's medical records, but they did not indicate that the complainant had surgery, despite a contrary claim. Counsel then stated: "I really don't want to have to get those records on the eve of trial. I'd really like to have those records before this case is really marked ready for trial." Thus, the motion court's conclusion that defendant did not consent to the adjournment or make any statement that he "was not ready to proceed had the People stated that they were ready to proceed" is contradicted by the record.

Even where postreadiness delay is attributable to the People, the delay may be excused due to certain actions taken by defendant (*see People v Cortes*, 80 NY2d 201, 210 n 4 [1992], citing *People v Anderson*, 66 NY2d 529, 536 [1985]). Here, defense counsel was clearly unwilling to proceed regardless of the People's ability to go forward. Thus, the time is not chargeable to the People (*see People v Alcequier*, 15 AD3d 162, 163 [2005], *lv denied* 4 NY3d 851 [2005] [time excluded because defense counsel not ready for trial and needed additional time to review tapes]; *People v Dozier*, 278 AD2d 56 [2000], *lv denied* 96 NY2d 783 [2001] [period properly excluded as reasonable time for People to comply with defendant's request for better copies of fingerprint evidence]).

On appeal, the People request that this Court also review the 30-day interval between September 14 and October 14, 2004 (*see People v Salgado*, 27 AD3d 71 [2006], *lv denied* 6 NY3d 838 [2006]). In his motion papers for a speedy trial dismissal, counsel conceded that this period of time was excludable. In response, the People maintained that they were entitled to rely on defendant's concession (*see People v Osorio*, 297 AD2d 231, 232 [2002]). In its decision, the motion court stated that the People

asserted they were ready and the case was adjourned.* However, notwithstanding the People's readiness, the court concluded "[n]o determination can be made as to this period at this time."

Defendant now claims the record does not support his concession, and the matter should be remanded for a hearing. However, the People filed a statement of readiness on September 2, 2004, and were not obligated, only 12 days later, to repeat that declaration in court (*see People v Reed*, 19 AD3d 312, 313 [2005], *lv denied* 5 NY3d 832 [2005]). Thus, defendant's concession was not erroneous (*cf. People v Wells*, 16 AD3d 174 [2005], *lv denied* 5 NY3d 796 [2005]), and, indeed, defendant does not proffer any reason why this time should have been charged to the People. Concur—Tom, J.P., Mazzarelli, Andrias, Marlow and Gonzalez, JJ.

---

* According to the minutes of this Court appearance, defendant pleaded not guilty, and the matter was adjourned. No statement of readiness was made on the record.