■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DOUGLAS LATTA, Appellant, v ROBERT M. MORGENTHAU, District Attorney, New York County, et al., Respondents. [901 NYS2d 44]—

Order and judgment (one paper), Supreme Court, New York County (Michael Melkonian, J.), entered on or about September 28, 2009, denying and dismissing the petition for a writ of habeas corpus, unanimously affirmed, without costs.

The court erred in dismissing the petition as a collateral attack on the speedy trial decision of the court handling the criminal case. While "[h]abeas corpus does not lie to determine whether the right to a speedy trial has been denied in a pending criminal action" (*People ex rel. Harrison v Greco*, 38 NY2d 1025, 1025 [1976]), where the relief sought by petitioner is release pursuant to CPL 30.30 (2) (a), such a claim is cognizable on a habeas corpus petition, since a defendant seeking release under the statute has no other way to appeal an adverse ruling other than to seek a writ of habeas corpus (*see People ex rel. Chakwin v Warden, N.Y. City Correctional Facility, Rikers Is.*, 63 NY2d 120, 125 [1984]).

However, petitioner's claim fails on the merits, since all adjournments prior to the ruling on this petition were excludable under CPL 30.30 (4) (a) as delays attributable to motion practice (*People v Worley*, 66 NY2d 523, 527 [1985]), including the time that the pretrial motions were under consideration by the court (*see People v Reid*, 214 AD2d 396 [1995]; *People v Douglas*, 209 AD2d 161, 162 [1994], *lv denied* 85 NY2d 908 [1995]). Contrary to petitioner's contention, the time the court took to decide the relevant motions was not excessive in light of the number of parties involved and the complexity of the motions.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Saxe, J.P., Catterson, Renwick, Richter and Abdus-Salaam, JJ.