[912 NYS2d 837]

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MELISA
H. SOUTH, Respondent.

Supreme Court, Appellate Term, Second Department, October 29, 2010

## APPEARANCES OF COUNSEL

*Thomas J. Spota, District Attorney*, Riverhead (*Glenn Green* of counsel), for appellant.

## OPINION OF THE COURT

MEMORANDUM.

Ordered that the order granting the branch of defendant's motion seeking to dismiss the two accusatory instruments charging her with endangering the welfare of a child is affirmed; and it is further, ordered that the order granting defendant's motion, pursuant to CPL 30.30 (1) (b), to dismiss the accusatory instruments charging defendant with driving while intoxicated per se and driving while intoxicated is reversed, on the law, defendant's motion to dismiss the accusatory instruments charging her with driving while intoxicated per se and driving while intoxicated is denied, the accusatory instruments are reinstated and the matter is remitted to the Justice Court for all further proceedings thereon.

At the outset, we note that the notices of appeal filed by the People have not been shown to be untimely because there was no evidence as to the dates on which defendant, who was the prevailing party, served copies of the orders being appealed upon the People (*see* CPL 460.10 [1] [a]; *People v Washington*, 86 NY2d 853 [1995]; *People v Schultz*, 283 AD2d 525 [2001]).

On September 2, 2008, six separate accusatory instruments were filed, and defendant was arraigned on charges of speeding (Vehicle and Traffic Law § 1180 [d]), improper lane change (Vehicle and Traffic Law § 1128 [a]), driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) and two charges of endangering the welfare of a child (Penal Law § 260.10 [1]). While the record contains no minutes of any of the adjourned dates following the arraignment, defendant conceded that on the next adjourned date of October 8, 2008, she received the People's discovery response and the case was adjourned to October 30, 2008 for a conference. Defendant further conceded that on the following adjourned date of December 3, 2008, a motion schedule was set up for defendant. Defendant also conceded that on all of the aforementioned court dates, the People maintained their readiness.

On December 26, 2008, defendant made an omnibus motion to, among other things, dismiss the charges of speeding and improper lane change on the ground that she had not been provided with supporting depositions with regard to said charges after requesting same, and to dismiss the two charges of endangering the welfare of a child on the ground that the accusatory instruments charging same were facially insufficient. On February 10, 2009, the People submitted opposition papers, and, by order dated March 17, 2009, the Justice Court granted the branch of defendant's motion seeking to dismiss the charges of speeding and improper lane change, reserved decision on the branch of defendant's motion seeking to dismiss the charges of endangering the welfare of a child "pending further review of the submissions by the parties" and set the matter down for a combined *Huntley*, *Dunaway* and suppression hearing on July 9, 2009. Thereafter, by order dated June 7, 2009 (and entered on October 2, 2009), the Justice Court granted the branch of defendant's motion seeking to dismiss the charges of endangering the welfare of a child. It is undisputed that, on July 9, 2009, the People were not ready to proceed with the hearing, as the arresting officer was unavailable. On July 12, 2009, defendant moved to dismiss the remaining charges of driving while intoxicated per se and driving while intoxicated on the ground that she had been denied her statutory right to a speedy trial (*see* CPL 30.30 [1] [b]). Defendant argued that while the People had maintained their readiness on all of the earlier court dates, since the People had stated that they were not ready on July 9,

2009 for the hearing, their earlier statements of readiness were illusory and, thus, the People should be charged with the entire time period from March 17, 2009 to July 9, 2009. By order entered October 2, 2009, the Justice Court granted defendant's motion and dismissed the remaining accusatory instruments. The People appeal from both orders entered on October 2, 2009.

Since defendant was charged with at least one misdemeanor punishable by a sentence of imprisonment of more than three months and was not charged with any felonies, the People were required to be ready for trial within 90 days of the commencement of the action (*see* CPL 30.30 [1] [b]). Defendant conceded that the People maintained their readiness on all of the court dates from the date of defendant's arraignment on September 2, 2008. Once the People declare readiness, the speedy trial clock is tolled. However, it is incumbent upon the People to thereafter maintain their readiness. Any delay on the part of the People occurring after their declaration of readiness is chargeable to the People (*see People v Giordano*, 56 NY2d 524 [1982]).

Contrary to defendant's contention, the People should not be charged with the time period from March 17, 2009 to July 9, 2009. We find that the entire time period from the date that the motion schedule was set up (December 3, 2008) until the court's order of June 7, 2009 was excludable as a delay attributable to motion practice, including the time period during which defendant's motion was under consideration by the court (*see* CPL 30.30 [4] [a]; *People v Worley*, 66 NY2d 523 [1985]; *People ex rel. Latta v Morgenthau*, 73 AD3d 593 [2010]; *People v Reid*, 214 AD2d 396 [1995]). Furthermore, the time period from the date of the court's order of June 7, 2009 to the date of the pretrial hearings on July 9, 2009 is excludable as a reasonable period of time for the People to prepare for hearings following the Justice Court's determination of defendant's omnibus motion (*see People v Forbes*, 7 AD3d 473 [2004]; *People v Green*, 90 AD2d 705 [1982]; *People v Accetta*, 17 Misc 3d 126[A], 2007 NY Slip Op 51807[U] [App Term, 9th & 10th Jud Dists 2007]).

It is undisputed that, on July 9, 2009, the People were not ready to proceed with the hearing as the arresting officer was unavailable. However, the fact that the People stated that they were not ready on July 9, 2009 did not make their prior statement of readiness illusory (*see People v Santana*, 233 AD2d 344 [1996]; *People v Robinson*, 171 AD2d 475 [1991]; *People v Balcerak*, 20 Misc 3d 133[A], 2008 NY Slip Op 51466[U] [App Term,

9th & 10th Jud Dists 2008]). In light of the foregoing, we find that the Justice Court erred in granting defendant's motion, pursuant to CPL 30.30 (1) (b), to dismiss the accusatory instruments charging defendant with driving while intoxicated per se and driving while intoxicated. Accordingly, said accusatory instruments are reinstated.

With respect to the branch of defendant's motion seeking to dismiss the two accusatory instruments charging her with endangering the welfare of a child, we agree with the Justice Court's determination that the accusatory instruments were facially insufficient. In order to be facially sufficient, an information must allege nonhearsay facts of an evidentiary nature establishing, if true, each element of the offense charged "and the defendant's commission thereof" (CPL 100.15 [3]; 100.40 [1] [a], [c]; *see People v Kalin*, 12 NY3d 225, 228-229 [2009]; *People v Jones*, 9 NY3d 259, 261 [2007]; *People v Allen*, 92 NY2d 378, 385 [1998]; *People v Dumas*, 68 NY2d 729, 731 [1986]). The factual allegations in an information must give the defendant sufficient notice to prepare a defense and prevent her from being tried twice (*see People v Casey*, 95 NY2d 354, 360 [2000]). Conclusory allegations alone are insufficient and render the accusatory instrument defective (*see Dumas*, 68 NY2d 729).

A person is guilty of endangering the welfare of a child when "[sh]e knowingly acts in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old" (Penal Law § 260.10 [1]). "[A] defendant must simply be *aware* that the conduct may likely result in harm to a child" (*People v Johnson*, 95 NY2d 368, 372 [2000]). The factual portion of the accusatory instruments involved herein merely alleged that defendant was guilty of endangering the welfare of her two children because she drove her vehicle, while she was "in an intoxicated condition," with her two minor children in the vehicle. The accusatory instruments were bare of any facts from which one could conclude that defendant was intoxicated and, as a result, endangered the welfare of her children by driving the motor vehicle. While the accusatory instruments referred to an Intoxilyzer 5000 evidence card as a basis to establish that defendant's blood alcohol content was above the legal limit, they did not set forth defendant's blood alcohol content, and a sworn copy of said card was not included in the record. Therefore, since the factual allegations of the accusatory instruments were too conclusory, they were jurisdictionally defective (*see Dumas*, 68 NY2d 729; *cf. People v D'Ambrosia*,

192 Misc 2d 560 [2002]; *People v Cruz*, 152 Misc 2d 436 [1991]). Accordingly, the order granting the branch of defendant's motion seeking to dismiss the accusatory instruments charging her with endangering the welfare of a child is affirmed.

MOLIA, J.P., TANENBAUM and LaCAVA, JJ., concur.