OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered November 21, 2008, affirmed.
Defendant’s speedy trial motion was properly denied on remand. The dispositive adjournment period between July 17, 2008 (when the court directed a suppression hearing on defendant’s omnibus motion) and September 9, 2008 (the hearing date set by the court) was excludable as a delay attributable to defendant’s motions and court scheduling. While the prosecutor could not have been expected to go forward on July 17 in the event a hearing were ordered and was entitled to a reasonable amount of time to prepare for any such hearing (see People v Forbes, 7 AD3d 473, 474 [2004], lv denied 3 NY3d 674 [2004]; People v Green, 90 AD2d 705, 706 [1982], lv denied 58 NY2d 784 [1982]), the People’s ability to prepare for the hearing was not, so far as shown in the existing record, a factor in the court’s setting of the adjourned date. Rather, as the remand court noted in its written decision, the length of the adjournment appears to have reflected “the scarcity of available trial parts during the intervening summer months,” a species of court unavailability that, as with court congestion, is not chargeable to the People for speedy trial purposes {see People v Tavarez, 147 AD2d 355, 356 [1989], lv denied 73 NY2d 1022 [1989]). Nor did defendant make any claim or showing that any unpreparedness by the People during or after the adjournment period directed by the court delayed or prolonged the resolution of defendant’s omnibus motion (cf. People v Reid, 245 AD2d 44 [1997], lv denied 91 NY2d 1012 [1998]; People v Gonzalez, 266 AD2d 562, 563 [1999], lv denied 94 NY2d 920 [2000]).
Despite our conclusion that the adjournment period here at issue involved court, not prosecutorial unreadiness beyond the ambit of CPL 30.30, we take this opportunity to address, and *81 reject, defendant’s apparent contention that any adjournment of more than 14 days in preparation of a pretrial hearing in a misdemeanor case is presumptively unreasonable. Adoption of such a bright-line rule would effectively rewrite the speedy trial statute, whose terms, without referencing any durational limit, make excludable “a reasonable period of delay resulting from . . . pre-trial motions” (CPL 30.30 [4] [a]), and serve to overrule governing case law precedent (see e.g. People v South, 29 Misc 3d 92 [App Term, 2d Dept, 9th & 10th Jud Dists 2010] [32-day adjournment excludable as a reasonable period of time for the People to prepare for pretrial hearings]; People v Perez-Cortes, NYLJ, Mar. 3, 1999 at 26, col 2 [App Term, 1st Dept] [42-day adjournment]; see also People v Wallace, 12 Misc 3d 136[A], 2006 NY Slip Op 51254[U] [App Term, 1st Dept 2006], lv denied 7 NY3d 852 [2006]).
Shulman, J.P. and Schoenfeld, J., concur.