OPINION OF THE COURT
Armando Montano, J.
Defendant was originally charged by felony complaint with assault on a peace officer, police officer, fireman, or emergency medical services personnel (Penal Law § 120.08), assault in the third degree (Penal Law § 120.00 [1]), criminal sale of marijuana in the fourth degree (Penal Law § 221.40), resisting arrest (Penal Law § 205.30), obstructing governmental administration in the second degree (Penal Law § 195.05), criminal possession of marijuana in the fifth degree (Penal Law § 221.10 [1]), unlawful possession of marijuana (Penal Law § 221.05), and harassment (Penal Law § 240.26 [1]). On August 31, 2015, the sole felony count of Penal Law § 120.08 was dismissed.
Defendant moves pursuant to CPL 170.30 (1) (e) and 30.30 to dismiss the accusatory instrument on speedy trial grounds.
In general, the People must be ready for trial within six months for felony cases, 90 days for cases in which the most serious charge is a class A misdemeanor, 60 days for cases in which the most serious charge is a class B misdemeanor, and 30 days for cases in which only a violation is charged. (CPL 30.30 [1].)
Where a felony complaint is replaced with or converted to an information or a misdemeanor complaint, CPL 30.30 (5) (c) provides that
“the period applicable for the purposes of subdivision one must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument; provided, however, that when the aggregate of such period and the period of time, excluding the periods provided in subdivision four, already elapsed from the date of the filing of the felony complaint to the date of the filing of the new accusatory instrument exceeds six months, the period applicable to the charges in the felony complaint must remain applicable and continue as if the new accusatory instrument had not been filed.”
The instant action was commenced on February 19, 2015 by the filing of a felony complaint. On August 31, 2015, the sole *857 felony count was dismissed. The top count of the accusatory instrument is now an A misdemeanor, which is punishable by a sentence of imprisonment of up to one year. The aggregate of the time period between the filing of the original felony complaint and the reduced charge, 193 days, and the new time period, 90 days, exceed six months. Therefore, pursuant to CPL 30.30 (5) (c), the People must be ready for trial within six months of February 19, 2015.
For CPL 30.30 purposes, in order for the People to be “ready for trial,” the People must satisfy two elements. First, there must be a communication of readiness by the People which appears on the trial court’s record by way of either a statement of readiness in open court or a written notice of readiness sent by the prosecutor to both defense counsel and the court clerk. (People v Kendzia, 64 NY2d 331 [1985].) Second, the People must declare their readiness when they are in fact ready to proceed to trial. (Id. at 337.) “A statement of readiness at a time when the People are not actually ready is illusory and insufficient to stop the running of the speedy trial clock.” (People v England, 84 NY2d 1, 4 [1994].) The test is whether the People “have done all that is required of them to bring the case to a point where it may be tried.” (Id.)
In order to satisfy his or her initial burden on a motion to dismiss on speedy trial grounds, the defendant must demonstrate that the People failed to declare their readiness within the statutorily prescribed time period. (People v Luperon, 85 NY2d 71 [1995].) Once the defendant meets his or her initial burden, the onus is upon the People to establish sufficient excludable delay to withstand dismissal. (People v Santos, 68 NY2d 859 [1986]; People v Berkowitz, 50 NY2d 333 [1980].)
“Whether the People have satisfied [their 30.30] obligation is generally determined by computing the time elapsed between the filing of the first accusatory instrument and the People’s declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion.” (People v Cortes, 80 NY2d 201, 208 [1992].)
Both defendant and the People agree that 138 days are chargeable to the People for the time period from February 19, 2015 to July 7, 2015. For the sake of clarity, this court has made the following calculations:
*858 On February 19, 2015 defendant was arraigned on a felony complaint and the case was adjourned to March 16, 2015 for grand jury action. This court charges the People with 25 days for the time period from February 19, 2015 to March 16, 2015. Twenty-five days included.
On March 16, 2015, there was no grand jury action and the case was adjourned to May 6, 2015 for grand jury action. This court charges the People with 51 days for the time period from March 16, 2015 to May 6, 2015. Fifty-one days included.
On May 6, 2015, there was no grand jury action and the case was adjourned to July 7, 2015 for grand jury action. This court charges the People with 62 days for the time period from May 6, 2015 to July 7, 2015. Sixty-two days included.
On July 7, 2015, there was no grand jury action and the case was adjourned to August 31, 2015. Prior to the next adjourn date, on July 22, 2015, the People filed with the court and served on defense counsel the affirmation of Assistant District Attorney (ADA) Adrienne V. Hawkins in support of a motion to reduce the charges pursuant to CPL 180.50 (2) (the affirmation). The People also submitted as an exhibit to the affirmation a copy of a superseding information and three supporting depositions. On page two of the affirmation, ADA Hawkins asserts that “[u]pon the filing of this document, the People are stating ready for trial on the remaining counts two through nine.”
On August 31, 2015, the People asked the court to conduct an inquiry pursuant to CPL 180.50 (2) to reduce the charges. After conducting an inquiry, the court reduced the charges in the felony complaint. The People also declared their readiness on that date. The case was thereafter adjourned to October 7, 2015 for the filing of defense motions.
Defendant argues that this case must be dismissed as the People failed to be ready for trial within six months of commencement. Defendant asserts that the People should be charged with 193 days for the entire time period from February 19, 2015, the date on which defendant was arraigned, to August 31, 2015, the date on which the charges were formally reduced pursuant to CPL 180.50 (2).
Defendant takes issue with the affirmation that was filed on July 22, 2015 since it fails to conform to the requirements of a written motion. Specifically, defendant notes that the affirmation fails to give notice to counsel of the date, time, and loca *859 tion when a party intends to move a court for specific relief. More importantly, defendant argues that the affirmation “does not seek to compel action; there is nothing for opposing counsel to litigate.” (Affirmation of defense counsel at 8.) Under CPL 180.50 (2), defendant avers that “the only role of the prosecution in the process of reducing felony charges is to offer consent to a judicial inquiry.” (Id.) Thus, defendant asserts that such consent by the prosecution is not the subject of a proper motion. Rather than filing a purported motion to reduce and an invalid statement of readiness, defendant contends that the People should have advanced this case in order to ask the court to conduct an inquiry pursuant to CPL 180.50 (2).
Contrary to defendant’s assertions, the People maintain that an application to reduce a felony complaint pursuant to CPL 180.50 can be made in writing. Therefore, the People argue that the filing of the affirmation on July 22, 2015 effectively tolled the speedy trial clock. Consequently, the People assert that the time period from July 22, 2015 to August 31, 2015 should be excluded pursuant to CPL 30.30 (4) (a), as a reasonable period of delay resulting from other proceedings concerning defendant, which includes pretrial motion practice by the People. Based on the foregoing, the People assert that they should only be charged with 15 days for the time period from July 7, 2015 to August 31, 2015 for a total of 154 days of includable time. Since they are well within the statutorily prescribed time period, the People request that the instant motion be denied.
Upon consent by the prosecution, the court is authorized to inquire as to whether a felony charge should be reduced to a nonfelony charge. (CPL 180.50 [1].) Only after such an inquiry can the court reduce a felony charge to a nonfelony charge. (CPL 180.50 [2].) A felony charge is reduced to a nonfelony charge within the meaning of CPL 180.50 by replacing the felony complaint with or converting it to another local criminal court accusatory instrument. (CPL 180.50 [3].)
As correctly noted by defendant, the People failed to file a notice of motion along with the affirmation as required under CPLR 2214.* Although “the CPLR has no application to criminal actions and proceedings” (People v Silva, 122 AD2d *860 750, 750 [1st Dept 1986]), several courts have held that the CPLR may be applied in a criminal action where the CPL is silent on the issue at hand. (People v Ramrup, 47 Misc 3d 1223[A], 2015 NY Slip Op 50828[U] [Sup Ct, Bronx County 2015]; People v Radtke, 153 Misc 2d 554 [Sup Ct, Queens County 1992]; People v Davis, 169 Misc 2d 977 [Westchester County Ct 1996].)
It is critical to note that “[a]n attempted reduction of a felony complaint . . . not done pursuant to the requirements of CPL 180.50 is invalid and of no legal effect and the felony complaint remains pending.” (People v Minor, 144 Misc 2d 846, 848 [App Term, 2d Dept, 2d & 11th Jud Dists 1989]; see also People v Yolles, 92 NY2d 960 [1998]; People v Page, 177 Misc 2d 448 [Crim Ct, Bronx County 1998].) Although CPL 180.50 does not prohibit the People from filing a written motion, this court holds that the People cannot stop the speedy trial clock by filing a procedurally defective motion.
Here, the felony complaint was not properly reduced until August 31, 2015, 193 days after this action was commenced. At no time prior to August 31, 2015 did the People have a valid misdemeanor information upon which they could have stated ready for trial. Therefore, this court charges the People with 55 days for the time period from July 7, 2015 to August 31, 2015. Fifty-five days included.
On August 31, 2015, the felony complaint was reduced and the case was adjourned to October 7, 2015 for defense motions. Delays due to motion practice are excludable. (See People v Brown, 227 AD2d 237 [1st Dept 1996]; CPL 30.30 [4] [a].) Therefore, the time period from August 31, 2015 to October 7, 2015 is excludable. Zero days included.
In sum, this court charges the People with 25 days for the time period from February 19, 2015 to March 16, 2015, 51 days for the time period from March 16, 2015 to May 6, 2015, 62 days for the time period from May 6, 2015 to July 7, 2015, 55 days for the time period from July 7, 2015 to August 31, 2015, and 0 days for the time period from August 31, 2015 to October 7, 2015. There is a total of 193 days of includable time, in excess of the statutorily prescribed time of six months.
Accordingly, defendant’s motion to dismiss the instant action pursuant to CPL 30.30 and 170.30 is granted and the action is hereby dismissed.

 CPLR 2214 (a) provides in pertinent part that “[a] notice of motion shall specify the time and place of the hearing on the motion, the supporting papers upon which the motion is based, the relief demanded and the grounds therefor.”