The People of the State of New York, Appellant,
against
Justine Delgado, Defendant-Respondent.



The People appeal from (1) an order of the Criminal Court of the City of New York, Bronx County (Patsy Gouldborne, J.), dated May 9, 2017, which granted defendant's motion to dismiss the accusatory instrument pursuant to CPL 30.30 and (2) an order (same court and Judge), dated October 25, 2017, which, upon reargument, adhered to the prior determination.




Per Curiam.
Order (Patsy Gouldborne, J.), dated October 25, 2017, reversed, on the law, motion denied, accusatory instrument reinstated, and the matter remanded for further proceedings. Appeal from order (same court and Judge), dated May 9, 2017, dismissed as academic. 
Defendant's speedy trial motion should have been denied. In her motion papers for a speedy trial dismissal, defendant conceded that the entire period between February 17, 2016 and April 5, 2016 should not be charged to the People, explaining that the People were granted "additional time to respond to defendant's [omnibus] motion [and] [t]he matter was adjourned to April 5, 2016 for decision." Notwithstanding this concession, the motion court charged the People 14 days for this period because of the People's "unreasonable delay" in serving responsive papers to defendant's motion, which papers were due on March 1, 2016, but filed on March 17, 2016. However, given that defendant expressly conceded the excludability of the entire period between February 17 to April 5, "the matter was not in dispute on the motion" (People v Boyd, 189 AD2d 433, 438 [1993], lv denied 82 NY2d 714 [1993]; see People v Brown, 227 AD2d 237 [1996]). Furthermore, the People were entitled to rely on the defendant's concession (see People v Baumann, 38 AD3d 452 [2007], lv denied 9 NY3d 840 [2007]; People v Osorio, 297 AD2d 231, 232-233 [2002]), especially since there was no showing that the People's failure to timely serve responsive papers delayed or prolonged the resolution of defendant's motion, which, in fact, the court decided before the April 5, 2016 adjourn date (see People v Shaw, 44 Misc 3d 79 [App Term, 1st Dept 2014], lv denied 24 NY3d 1046 [2014]). Accordingly, the entire period is excludable. 
We further note that the motion court improperly charged an additional 5 days by including the first day of five post-readiness adjournments in its calculations (see People v DiMeglio, 294 AD2d 239, 239-240 [2002]; see also People v Stiles, 70 NY2d 765 [1987]).
With the exclusion of the 19 days at issue on this motion, the People were well within the period of readiness prescribed by CPL 30.30[1][b].
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 17, 2018