People v Gibson (2020 NY Slip Op 04442)





People v Gibson


2020 NY Slip Op 04442


Decided on August 6, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 6, 2020

Gische, J.P., Kapnick, Webber, Kern, González, JJ.


11830 1103/16

[*1] The People of the State of New York, Respondent,
v
James Gibson, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Stephen Chu of counsel), and Covington & Burling, LLP, New York (Sarah Mac Dougall of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Nathan Brandon Shi of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael R. Sonberg, J.), rendered February 1, 2017, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second felony drug offender, to concurrent terms of three years, unanimously affirmed.
The court properly denied defendant's suppression motion.
Testimony elicited at the hearing was that while stopped at a red light heading north at 149th Street and Convent Avenue, the officers observed defendant standing approximately 10-15 feet away on the southeast corner of Convent Avenue and 149th Street, talking on his cell phone and holding in his right hand, a small white object, a few centimeters of which were visible. A second individual standing on the northeast corner, likewise talking on his cell phone and holding paper money was also observed by the officers.
The testimony was that although it was nighttime and dark, the corner was "well lit" from street and building lights and the officers had an unobstructed view. At some point defendant waved at the second individual, who began to approach the defendant. At this point the officers pulled the vehicle into the crosswalk kitty-corner to the southeast corner of 149th Street and Convent Avenue, in front of defendant. All three officers exited with their badges displayed but their weapons holstered. After the officers exited the vehicle, the second individual changed direction and started walking away. Meanwhile, defendant turned, dropped the object which was in his hand, and walked toward the officers. The object which defendant dropped was recovered by one of the officers and found to be a napkin containing 5 ziploc bags of crack cocaine.
The hearing court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations. The credible evidence established that the circumstances were sufficient to raise a reasonable suspicion that a drug transaction was about to occur and the police officers' actions in getting out of their unmarked vehicle and displaying their shields rose only to a level one approach to request information requiring an objective credible reason not necessarily indicative of criminality (see People v Leung, 68 NY2d 734, 736 [1986]; People v Grunwald, 29 AD3d 33, 38-40 [1st Dept 2006], lv denied 6 NY3d 848 [2006]). It is undisputed that the circumstances were sufficient to justify this level of intervention. As noted by the hearing court, the officers never actually stopped the defendant because defendant dropped the drugs, thereby voluntarily abandoning them. At the point when defendant discarded the drugs, the officers had thus not "surrounded" defendant, as he claims, nor directed him to do anything. Defendant's abandonment of the drugs was not precipitated by illegal police action.
Contrary to defendant's claim, the hearing court did not treat this as a level three stop. It found that although the circumstances were sufficient to justify such a stop, the officers "never really got to that point." Thus, the People's inaccurate characterization of the encounter was not [*2]considered by the hearing court and in any event, was not binding on the court (see e.g. People v Wells, 16 AD3d 174 [1st Dept 2005], lv denied 5 NY3d 796 [2005]).
"By failing to object, making general objections or failing to request any further relief after the court sustained an objection, defendant failed to preserve his present challenges to the prosecutor's summation" (People v Miles, 157 AD3d 641, 641 [1st Dept 2018], lv denied 31 NY3d 1015 [2018]). "The word objection' alone [is] insufficient to preserve [an] issue" for review as a question of law (People v Tevaha, 84 NY2d 879, 881 [1994]). We decline to review these unpreserved challenges in the interest of justice. As an alternative holding, we conclude that the prosecutor's remarks were appropriate responses to defense counsel's attacks on the police officers' credibility (see e.g. People v Marte, 69 AD3d 405, 406 [1st Dept 2010], lv denied 14 NY3d 842 [2010]; People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]). In any event, any
error in this regard was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 6, 2020
CLERK