People v Stamm (2025 NY Slip Op 50497(U))

[*1]

People v Stamm (Daniel)

2025 NY Slip Op 50497(U)

Decided on April 3, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 3, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., GRETCHEN WALSH, ELENA GOLDBERG-VELAZQUEZ, JJ

2023-928 RO CR

The People of the State of New York, Respondent,
against
Daniel Stamm, Appellant. 

Gribetz & Loewenberg, PLLC (Deborah Wolikow Loewenberg of counsel), for appellant.
Rockland County District Attorney (Scott Benjamin of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Wesley Hills, Rockland County (Philip Schnelwar, J.), rendered April 26, 2023. The judgment convicted defendant, upon a plea of guilty, of endangering the welfare of a child, and imposed sentence. The appeal brings up for review (1) so much of an order of the same court dated June 16, 2022 as, upon reargument, adhered to so much of a prior order of the same court dated April 22, 2022 as denied the branch of defendant's motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds, and (2) so much of an order of the same court dated November 14, 2022 as denied defendant's subsequent motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the judgment of conviction is reversed, on the law, so much of the June 16, 2022 order as, upon reargument, adhered to so much of the April 22, 2022 order as denied the branch of defendant's motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, that branch of defendant's motion is granted, the accusatory instrument is dismissed, and the fines, if paid, are remitted.
Insofar as is relevant to this appeal, on November 17, 2021, the People filed a misdemeanor complaint charging defendant with five counts of endangering the welfare of a child (Penal Law § 260.10 [1], a class A misdemeanor). Defendant was arraigned that same day, [*2]and the matter was adjourned to November 23, 2021 for defendant to obtain counsel. Counsel filed with the court and served on the People a notice of appearance on November 19, 2021. On January 26, 2022, the People submitted to the detectives of the Ramapo Police Department, who were listed as testifying witnesses, a five-question inquiry regarding impeachment material. The five-question inquiry requested the detectives to self-report whether they were ever convicted of a criminal offense, whether they were aware of pending criminal charges against them, whether they knew of court decisions determining that they were untruthful, whether they were defendants in civil suits, and whether they had previously been employed by another law enforcement agency. The People did not request the detectives' disciplinary records pertaining to defendant's crime. Without receiving a response, the People, on January 31, 2022, filed a certificate of compliance (COC) and statement of readiness (SOR), which included a certificate pursuant to CPL 30.30 (5-a). The People did not turn over any recordings of radio transmissions and did not state in the COC that none existed. The People's COC stated that "no exculpatory or impeachment information pursuant to [CPL 245.20 (1) (k)] is presently known."
Thereafter, defense counsel asked the court to inquire about the validity of the People's COC, and, on February 22, 2022, the court set a motion schedule. On March 9, 2022, defense counsel moved to dismiss the accusatory instrument on statutory speedy trial grounds, arguing that the January 31 COC was improper and the SOR illusory due to missing discovery and the failure of the People to exercise due diligence in ascertaining the existence of impeachment material. According to defense counsel, more than 90 days of delay were chargeable to the People in the absence of a valid statement of readiness. Defense counsel also argued that dismissal was required on the additional ground that the People's CPL 30.30 (5-a) certification was invalid, and, thus, the SOR illusory, because the information allegedly contained multiplicitous counts and was otherwise facially insufficient. On April 13, 2022, the People opposed the motion and, on that same day, filed a supplemental COC stating that the detectives answered all five questions in the negative. In their opposition to the motion, the People asserted that they had acted "diligently, in good faith and reasonably under the circumstances" but provided nothing more than this conclusory assertion. The People also acknowledged that they received defense counsel's January 4, 2022 letter questioning the adequacy of the five-question inquiry and requesting that the People provide impeachment material for the testifying detectives.
By order dated April 22, 2022, the Justice Court (Philip Schnelwar, J.) denied the motion. The court found that "the People were diligent, and acted in good faith and reasonabl[y] under the circumstances concerning issues of discovery." The court further found that defendant's acts were a continuing course of conduct and not subject to the rule against duplicitous counts in an accusatory instrument instead of addressing defendant's multiplicity argument. The court charged the People with the 69 days from November 23, 2021 through January 31, 2022, finding that the People were entitled to an exclusion from November 17, 2021 through November 23, 2021 when defendant was without counsel, as there was no proof that counsel communicated a notice of appearance to the People prior to November 23.
A discovery conference was held on May 19, 2022 during which defendant sought the radio transmission recordings that they had previously requested multiple times. According to the People's May 27, 2022 supplemental COC, the People received radio transmission recordings on May 20, 2022 and gave them to the defense that same day. 
On May 20, 2022, defendant moved to renew and reargue the motion that resulted in the April 22, 2022 order, contending that the court misapprehended the law regarding the multiplicitous charges and that the People were not entitled to exclude time after November 19, 2021, the date counsel served the People with a notice of appearance. The People opposed. On June 16, 2022, the court granted reargument and found that the charges were not multiplicitous because there were sufficient interruptions between the alleged incidents, and declined to invalidate the CPL 30.30 (5-a) certification or find the SOR illusory. The court did, however, find that the time between November 19, 2021 through November 23, 2021 was chargeable to the People because counsel served the notice of appearance on the People. 
On July 25, 2022, defense counsel again moved to dismiss the accusatory instrument on statutory speedy trial grounds, arguing that the first COC and first supplemental COC were invalid because the People failed to exercise due diligence in locating and turning over the recorded radio transmissions that counsel requested, and, thus, more than 90 days were chargeable to the People without a valid statement of readiness. In opposition, the People asserted that they had made multiple requests for the radio transmissions to the police and provided a November 17, 2021 letter which requested such evidence, but which did not have an addressee and did not mention defendant. At oral argument, the People provided a police-generated checklist with a slash indicating that there were no radio transmissions "on channel(s) other than 401 (ex. Ops, County, Etc.)." When the court asked for specific details about who made the multiple inquiries, when the multiple inquiries were made, and to whom they were made, the People could not provide an answer beyond mere speculation that the previously assigned prosecutor had made multiple requests. The court remarked, "[a]nd I'm the judge who has to look at reasonableness and due diligence, and I'm not able to get complete answers concerning that." On November 14, 2022, the court denied defendant's motion, finding that the People's belief that radio transmissions did not exist was reasonable under the circumstances based on the police checklist, the in-person complaint filed by the victim at the precinct, and the fact that the police had not responded to a crime scene.
On appeal, defendant contends that the motion court erred in denying his motions to invalidate the COCs, in denying his motion to dismiss four of the five charges as multiplicitous, and in denying his motions to dismiss the accusatory instrument on statutory speedy trial grounds.
For cases commenced after January 1, 2020, absent an individualized finding of special circumstances, the filing of a proper COC is a prerequisite to the People being ready for trial under CPL 30.30 (5) (see CPL 245.20, 245.50 [3]; People v Bay, 41 NY3d 200, 207-210 [2023]). The People are required to provide a defendant with "all items and information that relate to the subject matter of the case" (CPL 245.20 [1]) that are in the People's possession (see CPL 245.20 [2]). This includes "[a]ll evidence and information, . . . that tends to . . . impeach the credibility of a testifying prosecution witness" (CPL 245.20 [1] [k] [iv]), and "[a]ll tapes or other electronic recordings . . . made or received in connection with the alleged criminal incident," including 911 calls and radio transmissions (CPL 245.20 [1] [g]).
CPL article 245 does not create a "rule of strict liability" or require a "perfect prosecutor" (Bay, 41 NY3d at 212 [internal quotation marks omitted]). "[T]he key question in determining if a proper COC has been filed is whether the prosecution has 'exercis[ed] due diligence and ma[de] [*3]reasonable inquiries to ascertain the existence of material and information subject to discovery' " (id. at 211, quoting CPL 245.50 [1]; see CPL 245.20 [2]). "Although the statute nowhere defines 'due diligence,' it is a familiar and flexible standard that requires the People 'to make reasonable efforts' to comply with statutory directives" (Bay, 41 NY3d at 211, quoting People v Bolden, 81 NY2d 146, 155 [1993]).
If a defendant brings a CPL 30.30 motion claiming that "the People failed to exercise due diligence and therefore improperly filed a COC, the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure" (Bay, 41 NY3d at 213). "If the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed" (id.). Moreover, "a defendant need not demonstrate prejudice [pursuant to CPL 245.80] to obtain speedy trial dismissal based on a failure to timely comply with discovery obligations," because "CPL 30.30 now requires dismissal if the People did not file a proper COC and the speedy trial period has run. That provision is not qualified by CPL 245.80" (id. at 213-214). Although an analysis of "whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case specific," courts should consider, among other things, the following:
"the efforts made by the prosecution . . . to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to a prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery" (id. at 212).
Here, the COC filed on January 31, 2022 asserted that the People first asked the detectives to self-report impeachment material on January 26, 2022. Defendant was arraigned on November 17, 2021, and the People needed to provide discovery under CPL 245.20 (1) within 35 days after arraignment (see CPL 245.10 [1] [a] [ii]). Impeachment material is specifically listed under CPL 245.20 (1) (k) (iv), which requires disclosure immediately upon receipt even if obtained before the 35-day discovery deadline. Without addressing whether the People's inquiry was reasonable, we note that the People waited at least 60 days before asking about material that they had an obligation to ascertain the existence of before filing their COC (see CPL 245.20 [2]; 245.50 [1]). Moreover, the January 26 request was made after defendant's January 4 letter apprising them of the discovery lapse. Without receiving a response, the People filed a COC asserting that they did not know if impeachment material existed, and contended that they had met their statutory requirement of due diligence. However, the People provided no evidence that they had made other inquiries and no explanation for why that single belated request was sufficient. It was 147 days after arraignment, on April 13, 2022, when the People filed their supplemental COC, that they provided an answer as to whether impeachment material existed. While there was no impeachment material to turn over, that fact is inconsequential since, in the first instance, the People needed to show due diligence and good faith to submit a proper COC (see CPL 245.20 [2]; 245.50 [1]). "Because the People did not establish that they exercised due diligence prior to filing the initial COC, the trial court should have determined that the COC was improper and accordingly stricken the statement of readiness as illusory" (Bay, 41 NY3d at 216).
As defendant was only charged with class A misdemeanors, the People had 90 days within which to announce their readiness for trial (see CPL 30.30 [1] [b]; Penal Law §§ 260.10 [1]; 70.15 [1]; People v Labate, 42 NY3d 184 [2024]). In view of the foregoing, defendant's speedy trial motion should have been granted because more than 90 days of delay were chargeable to the People as more than 90 days had passed between November 19, 2021 and February 22, 2022 without the People validly stating ready (see People v South, 29 Misc 3d 92, 95 [App Term, 2d Dept, 9th & 10th Jud Dists 2010] [finding the People entitled to an exclusion from the setting of a motion schedule through the date of decision as an excludable delay attributable to motion practice under CPL 30.30 (4) (a)]).
The foregoing renders defendant's remaining contentions on appeal academic.
Accordingly, the judgment of conviction is reversed, so much of the June 16, 2022 order as, upon reargument, adhered to so much of the April 22, 2022 order as denied the branch of defendant's motion seeking to dismiss the accusatory instrument on statutory speedy trial grounds is vacated, that branch of defendant's motion is granted, and the accusatory instrument is dismissed.
DRISCOLL, J.P., WALSH and GOLDBERG-VELAZQUEZ, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 3, 2025