People v Oriel C. (2020 NY Slip Op 50893(U))

[*1]

People v Oriel C.

2020 NY Slip Op 50893(U) [68 Misc 3d 128(A)]

Decided on July 24, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 24, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2017-1755 Q CR

The People of the State of New York,
Respondent,
against
Oriel C., Appellant. 

New York City Legal Aid Society (Steven Berko of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Nancy Fitzpatrick
Talcott of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Bruna DiBiase, J.), rendered August 17, 2016. The judgment convicted defendant, upon his plea
of guilty, of disorderly conduct, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant pleaded guilty to disorderly conduct (Penal Law § 240.20) in satisfaction of
an accusatory instrument which had charged him with two counts of criminal possession of a
forged instrument in the second degree (Penal Law § 170.25) and three counts of criminal
possession of forgery devices (Penal Law § 170.40 [2]). On June 21, 2016, prior to pleading
guilty, defendant was provided with a "Notice of Immigration Consequences" of his plea, and
defense counsel acknowledged receipt of the form and indicated that he had explained the notice
to defendant. Defendant then agreed to a conditional plea, whereby he would plead guilty to the
reduced charge of criminal possession of a forged instrument in the third degree (Penal Law
§ 170.20) and the added charge of disorderly conduct (Penal Law § 240.20) in
satisfaction of the accusatory instrument and in exchange for a sentence of a conditional
discharge, one of the conditions of which was to complete 15 days of community service. The
agreement provided for the vacatur of the guilty plea to criminal possession of a forged
instrument in the third degree if defendant [*2]completed the
community service within a specified period of time. On October 17, 2016, defendant returned to
court after having completed his community service, the court vacated both of defendant's guilty
pleas, the charge of criminal possession of a forged instrument in the third degree was dismissed,
and defendant pleaded guilty once again to disorderly conduct. During the allocution, the court
warned defendant that, if he was not a citizen of the United States, the plea could have negative
immigration consequences for him, including the possibility of being deported, and defendant
confirmed that he understood. On appeal, citing to People v Peque (22 NY3d 168, 197 [2013]), defendant contends
that he did not enter into his guilty plea knowingly, voluntarily, and intelligently because the
court did not advise him, prior to entering the plea, of its potential deportation
consequences.
Before an appellate court may consider whether a trial court fulfilled its obligation to apprise
a defendant that, if the defendant is not an American citizen, he or she may be deported as a
consequence of a guilty plea, it must determine whether that defendant preserved the claim as a
matter of law for appellate review or whether an exception to the preservation doctrine applies
(see People v Delorbe, ___ NY3d ____, 2020 NY Slip Op 02126 [2020]; People v Williams, 27 NY3d 212,
214 [2016]; Peque, 22 NY3d at 182-183). Generally, the rule is that where, on appeal, the
defendant challenges a plea on voluntariness and due process grounds, such as those raised
herein, he or she must have preserved that challenge by moving to withdraw the plea on the same
grounds subsequently alleged on appeal or else by moving to vacate the judgment of conviction
(see CPL 220.60 [3]; 440.10; Peque, 22 NY3d at 182; People v Lopez, 71
NY2d 662, 665 [1988]). However, "where a defendant has no practical ability to object to an
error in a plea allocution which is clear from the face of the record, preservation is not required"
(Peque, 22 NY3d at 182; see
also People v Louree, 8 NY3d 541, 545-547 [2007]; Lopez,71 NY2d at
665-666). 
Here, four months before defendant ultimately pleaded guilty to disorderly conduct, he had
been served in open court with a "Notice of Immigration Consequences" form. Thus,
preservation of defendant's Peque claim was required, since that notice had provided him
with a reasonable opportunity to express any concerns he may have had pertaining to the effect
that his subsequent plea may have on his immigration status, thereby making the narrow
exception to the preservation doctrine unavailable to him (see Delorbe, ___ NY3d ____,
2020 NY Slip Op 02126). However, defendant failed to preserve his claim for appellate review
by raising it at the plea proceeding, moving to withdraw the plea or seeking to vacate the
judgment of conviction, and we decline to review it as a matter of discretion in the interest of
justice (see CPL 470.15 [6]). 
In any event, we note that defendant was convicted of a violation, and, assuming without
deciding, that a Peque warning is required to be given upon a plea to a violation (see
Peque, 22 NY3d at 197, n 9), the record demonstrates that the Criminal Court satisfied
whatever duty it may have had (see
People v Flores, 63 Misc 3d 163[A], 2019 NY Slip Op 50931[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2019]; People
v Cardoza, 48 Misc 3d 130[A], 2015 NY Slip Op 51031[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2015]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 24, 2020