People v Nikoghosyan (2020 NY Slip Op 50952(U))

[*1]

People v Nikoghosyan (Roman)

2020 NY Slip Op 50952(U) [68 Misc 3d 130(A)]

Decided on August 21, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 21, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2017-2030 Q CR

The People of the State of New York,
Respondent,
against
Roman Nikoghosyan, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Ellen C. Abbot and John
F. McGoldrick of counsel), for respondent.

Appeal from a judgment of conviction of the Criminal Court of the City of New York,
Queens County (Toni Cimino, J.), rendered September 27, 2017. The judgment convicted
defendant, upon his plea of guilty, of criminal possession of a weapon in the fourth degree, and
imposed sentence.

ORDERED that the matter is remitted to the Criminal Court to afford defendant an
opportunity to move, within 90 days of the date of this decision and order, to vacate his plea, in
accordance with this decision and order, and for a report thereafter on any such motion by
defendant, and the appeal is held in abeyance pending the receipt of the Criminal Court's report,
which shall be filed with all convenient speed.
Defendant pleaded guilty to one of the five counts of criminal possession of a weapon in the
fourth degree (Penal Law § 265.01 [1]) charged in the accusatory instrument. On appeal,
citing to People v Peque (22 NY3d
168, 197 [2013]), defendant contends that the Criminal Court failed to advise him that his
guilty plea may subject him to adverse immigration consequences, including deportation, and,
therefore, the plea should be vacated and the matter remitted to the Criminal Court for further
proceedings.
In Peque, the Court of Appeals determined, in accordance with the decision of the
United States Supreme Court in Padilla v Kentucky (559 US 356 [2010]), "that
deportation is a plea [*2]consequence of such tremendous
importance, grave impact and frequent occurrence that a defendant is entitled to notice that it
may ensue from a plea" (Peque, 22 NY3d at 176). Thus, "to protect the rights of the large
number of noncitizen defendants pleading guilty to felonies in New York, trial courts must now
make all defendants aware that, if they are not United States citizens, their felony guilty pleas
may expose them to deportation" (Peque, 22 NY3d at 197). However, in Peque
(22 NY3d at 197, n 9), the Court expressly reserved the question as to whether that rule applies
to a guilty plea to a misdemeanor, such as the plea involved herein. Assuming, without deciding,
that Peque also applies to misdemeanors, here, the record does not demonstrate either that
the Criminal Court mentioned, or that defendant was otherwise aware of, the possibility of
deportation. Since defendant was sentenced in the same proceeding in which he entered his plea
of guilty, and was not otherwise made aware of the deportation consequences of his plea (cf. People v Delorbe, 35 NY3d
112 [2020]), he had no practical ability to object to the deficiency in the plea allocution,
which was clear from the face of the record, or to otherwise tell the court, if he chose, that he
would not have pleaded guilty if he had known about the possibility of deportation (see
Peque, 22 NY3d at 182). Consequently, defendant's claim falls within the narrow exception
to the preservation doctrine since he had no opportunity to withdraw or move to vacate his plea
(see Peque, 22 NY3d at 183;
People v Taylor, 66 Misc 3d 149[A], 2020 NY Slip Op 50269[U] [App Term, 2d Dept,
9th & 10th Jud Dists 2020]; People v Bello, 55 Misc 3d 152[A], 2017 NY Slip Op
50769[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
However, "the trial court's failure to provide such advice does not entitle . . . defendant to
automatic withdrawal or vacatur of the plea" (Peque, 22 NY3d at 176). Rather, a
defendant seeking to vacate a plea based on this defect "must establish the existence of a
reasonable probability that, had the court warned the defendant of the possibility of deportation,
he or she would have rejected the plea and opted to go to trial" (Peque, 22 NY3d at 176).
Therefore, in light of the Criminal Court's failure to apprise defendant of the possibility of
deportation as a consequence of his plea, and the fact that defendant has not met his burden, on
the record before us, of establishing the existence of a reasonable probability that, had the court
properly warned him, he would have rejected the plea and opted to go to trial, we deem it
appropriate to hold the appeal in abeyance and to remit the matter to the Criminal Court to afford
defendant an opportunity to move to vacate his plea, and for a report by that court thereafter
(see Peque, 22 NY3d at 198, n 11; People v Cole, 159 AD3d 829 [2018]; Taylor, 66 Misc 3d
149[A], 2020 NY Slip Op 50269[U]; Bello, 55 Misc 3d 152[A], 2017 NY Slip Op
50769[U]). Any such motion shall be made by defendant within 90 days after the date of this
decision and order. Finally, the Criminal Court's report to this court shall state whether defendant
moved to vacate his guilty plea, and, if so, the Criminal Court shall include in the report a finding
as to whether defendant successfully demonstrated or failed to demonstrate the necessary
showing (see Cole, 159 AD3d 829; Taylor, 66 Misc 3d 149[A], 2020 NY Slip Op
50269[U]).
Accordingly, the matter is remitted to the Criminal Court to afford defendant an opportunity
to move, within 90 days of the date of this decision and order, to vacate his plea, in accordance
with this decision and order, and for a report thereafter on any such motion by defendant, and the
appeal is held in abeyance pending receipt of the Criminal Court's report. The Criminal Court
shall file its report with all convenient speed.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 21, 2020