People v Miranda (2020 NY Slip Op 51566(U))

[*1]

People v Miranda (Eulogio)

2020 NY Slip Op 51566(U) [70 Misc 3d 133(A)]

Decided on December 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2017-2179 RI CR

The People of the State of New York,
Respondent,
against
Eulogio Miranda, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart of counsel), for respondent.

Appeal from two judgments of the Criminal Court of the City of New York, Richmond
County (Alan J. Meyer, J.), rendered October 6, 2017. The judgments convicted defendant, upon
his pleas of guilty, of common-law driving while intoxicated and aggravated unlicensed
operation of a motor vehicle in the second degree, respectively, and imposed sentences.

ORDERED that the judgments of conviction are affirmed.
Insofar as is relevant to this appeal, defendant pleaded guilty to common-law driving while
intoxicated (Vehicle and Traffic Law § 1192 [3]) in satisfaction of one accusatory
instrument, and aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle
and Traffic Law § 511 [2] [a] [iii]) in satisfaction of a second accusatory instrument. In
accordance with the terms of the plea agreement, defendant was sentenced, among other things,
to pay a $1,000 fine on the common-law driving while intoxicated charge, and a $500 fine on the
aggravated unlicensed operation of a motor vehicle in the second degree charge.
On appeal, defendant first contends that his guilty plea was not knowingly, voluntarily, and
intelligently entered because the Criminal Court failed to fulfill its duty under People v Peque (22 NY3d 168
[2013]) in that it advised defendant of the deportation consequences of his plea after he had
already admitted guilt.
Before an appellate court may consider whether a trial court fulfilled its obligation to apprise
a defendant that, if the defendant is not an American citizen, he or she may be deported as a
consequence of a guilty plea, it must determine whether that defendant preserved the claim as a
matter of law for appellate review or whether an exception to the preservation doctrine applies
(see People v Delorbe, 35 NY3d
112 [2020]; People v Williams,
27 NY3d 212, 214 [2016]; People v Peque, 22 NY3d at 182-183). Generally, a
defendant must move to withdraw his guilty plea or vacate the judgment of conviction to
preserve a claim that the plea is invalid [*2](see People v Conceicao, 26 NY3d
375, 381 [2015]). However, a narrow exception exists "where the particular circumstances
of a case reveal that a defendant had no actual or practical ability to object to an alleged error in
the taking of a plea that was clear from the face of the record" (id.; People v Louree, 8 NY3d 541, 546
[2007]). Here, defendant's claim is reviewable on direct appeal, despite the fact that he did not
move to withdraw his plea or vacate the judgment of conviction, as he faced a practical inability
to move to withdraw the plea because he was sentenced on the same date as the plea proceeding
(see People v Sougou, 26 NY3d
1052, 1054 [2015]; People v Conceicao, 26 NY3d at 382; People v Reinhardt, 58 Misc 3d
151[A], 2018 NY Slip Op 50111[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2018]).
However, defendant's claim lacks merit. Assuming that Peque even applies to
misdemeanors (see e.g. People v
Nikoghosyan, 68 Misc 3d 130[A], 2020 NY Slip Op 50952[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2020], citing People v Peque, 22 NY3d at 197, n 9),
defendant failed to establish "the existence of a reasonable probability that," as a result of the
Peque warning, he "would have rejected the plea and opted to go to trial" (People v
Peque, 22 NY3d at 176; see People
v Charles, 117 AD3d 1073, 1073-1074 [2014]), since the record demonstrates that
defendant was advised of the potential deportation and immigration consequences before the
court's acceptance of his plea.
By expressly asking the Criminal Court to allow time for defendant to pay the mandatory
surcharge, defendant waived the claim he now raises on appeal pertaining to the mandatory
surcharge (see People v Tietje, 171
AD3d 1221 [2019]; People v
Rodriguez, 162 AD3d 513 [2018]; People v Sadiku, 63 Misc 3d 162[A], 2019 NY Slip Op 50917[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Moreover, any error was in
defendant's favor, and, thus, does not entitle him to the relief he seeks (see People v Himonitis, 174 AD3d
738 [2019]; People v Tietje,
171 AD3d 1221; People v
Rodriguez, 162 AD3d 513; People v Fisher, 66 Misc 3d 140[A], 2020 NY Slip Op 50142[U]
[App Term, 2d Dept, 9th & 10th Jud Dists 2020]).
Defendant's final contention on appeal is that, based on his indigency, his sentence was
excessive and should be reduced in the interest of justice. As a general rule, a defendant who has
been sentenced according to the terms of a bargained-for plea and sentencing agreement will not
be heard to complain that the sentence was unduly harsh or excessive (see People v Galvez, 72 AD3d 838
[2010]; People v Ubiles, 59 AD3d
572 [2009]; People v Silverio,
63 Misc 3d 139[A], 2019 NY Slip Op 50571[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2019]; People v Chunicarchi, 62 Misc 3d 139[A], 2019 NY Slip Op 50054[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; People v Onyeukwu, 56 Misc 3d 140[A], 2017 NY Slip Op
51100[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Under the circumstances
presented, we find no basis to deviate from that rule. The sentence imposed did not constitute an
abuse of sentencing discretion or a failure to observe sentencing principles, and defendant has not
demonstrated the existence of mitigating or extraordinary circumstances warranting a
modification of the sentence in the interest of justice (see People v Farrar, 52 NY2d 302
[1981]; People v Vega, 73 AD3d
1218 [2010]; People v Suitte, 90 AD2d 80 [1982]; People v Onyeukwu, 56 Misc 3d
140[A], 2017 NY Slip Op 51100[U]). Rather, defendant was sentenced according to the
express terms of a favorable negotiated plea and sentencing agreement (see People v
Farrar, 52 NY2d 302, 307 [1981] ["the 'sentence bargain' is a legitimate part of the plea
bargaining process"]) involving the disposition of two open cases.
Accordingly, the judgments of conviction are affirmed.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 30, 2020