People v Nikoghosyan (2021 NY Slip Op 50781(U))

[*1]

People v Nikoghosyan (Roman)

2021 NY Slip Op 50781(U) [72 Misc 3d 139(A)]

Decided on August 6, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 6, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2017-2030 Q CR

The People of the State of New York,
Respondent,
against
Roman Nikoghosyan, Appellant. 

Feldman and Feldman (Steven A. Feldman of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Ellen C. Abbot and John
F. McGoldrick of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Toni Cimino, J.), rendered September 27, 2017. The judgment convicted defendant, upon his
plea of guilty, of criminal possession of a weapon in the fourth degree, and imposed sentence. By
decision and order of this court dated August 21, 2020, the appeal was held in abeyance and the
matter was remitted to the Criminal Court to afford defendant the opportunity to move to vacate
his plea of guilty and for a report on any such motion (People v Nikoghosyan, 68 Misc 3d
130[A], 2020 NY Slip Op 50952[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]).
The Criminal Court has filed its report.

ORDERED that the judgment of conviction is affirmed.
Defendant pleaded guilty to criminal possession of a weapon in the fourth degree (Penal Law
§ 265.01 [1]). When this appeal was initially heard, the sole argument raised by defendant
was that he had not entered his guilty plea knowingly, voluntarily, and intelligently because the
court did not advise him, prior to entering the plea, of its potential deportation consequences. In a
decision and order dated August 21, 2020, this court found that the Criminal Court had failed to
advise defendant of the potential deportation consequences of his plea (People v
Nikoghosyan, 68 Misc 3d 130[A], 2020 NY Slip Op 50952[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2020]). Consequently, we held the appeal in abeyance and remitted the
matter to the Criminal Court to afford defendant an opportunity to move to vacate his plea and "
'establish the existence of a reasonable probability that, had the court warned the defendant of the
possibility of deportation, he . . . would have rejected the plea and opted to go to trial' "
(id. at *2, quoting People v
Peque, 22 NY3d 168, 176 [2013]).
Upon remittitur, the Criminal Court reported that, as of February 10, 2021, defendant had not
moved to vacate his plea. Pursuant to this court's decision and order dated August 21, 2020,
[*2]defendant's time to do so has now expired. Consequently, we
find no basis upon which to reverse the judgment of conviction (see People v Kostyk, 186 AD3d
744 [2020]; People v Arana,
179 AD3d 826 [2020]; People v
Gonzalez, 58 Misc 3d 145[A], 2017 NY Slip Op 51948[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2017]).
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 6, 2021