People v Amantecatl (2022 NY Slip Op 22055)

People v Amantecatl

2022 NY Slip Op 22055 [74 Misc 3d 88]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, April 13, 2022

[*1]

The People of the State of New York, Respondent,
v
Elio Amantecatl, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, February 18, 2022

APPEARANCES OF COUNSEL

Feldman & Feldman (Steven A. Feldman of counsel) for appellant.
Eric Gonzalez, District Attorney (Leonard Joblove, Solomon Neubort and Andrew S. Ayala of counsel), for respondent.

{**74 Misc 3d at 89} OPINION OF THE COURT
Memorandum.

Ordered that the matter is remitted to the Criminal Court to afford defendant an opportunity to move, within 90 days of the date of this decision and order, to vacate his plea, in accordance with this decision and order, and for a report thereafter{**74 Misc 3d at 90} on any such motion by defendant, and the appeal is held in abeyance pending the receipt of the Criminal Court's report, which shall be filed with all convenient speed.
Defendant pleaded guilty to the added charge of disorderly conduct (Penal Law § 240.20) in satisfaction of an accusatory instrument which charged him with assault in the third degree (Penal Law § 120.00 [1]), attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]), menacing in the third degree (Penal Law § 120.15), harassment in the second degree (Penal Law § 240.26 [1]), and endangering the welfare of a child (Penal Law § 260.10 [1]). On appeal, defendant contends, citing to People v Peque (22 NY3d 168, 197 [2013]), that the Criminal Court failed to advise him that his guilty plea may subject him to adverse immigration consequences, such as deportation, and, therefore, the plea should be vacated and the matter remitted to the Criminal Court for further proceedings.
[1] The record does not demonstrate either that the Criminal Court mentioned or that defendant was otherwise aware of the possibility of deportation (see People v Nikoghosyan, 68 Misc 3d 130[A], 2020 NY Slip Op 50952[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists [*2]2020]; People v Oriel C., 68 Misc 3d 128[A], 2020 NY Slip Op 50893[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]). As defendant was sentenced in the same proceeding in which he entered his plea of guilty, and was not otherwise made aware of the deportation consequences of his plea (cf. People v Delorbe, 35 NY3d 112 [2020]), he had no practical ability to object to the claimed deficiency in the plea allocution or to otherwise tell the court, if he chose, that he would not have pleaded guilty if he had known about the possibility of deportation (see Peque, 22 NY3d at 182). Consequently, defendant's claim is reviewable on this appeal despite the fact that he did not move to withdraw his plea or vacate the judgment of conviction (see Delorbe, 35 NY3d 112; Nikoghosyan, 2020 NY Slip Op 50952[U]).
[2] In Peque (22 NY3d at 176), the Court of Appeals determined, in accordance with the decision of the United States Supreme Court in Padilla v Kentucky (559 US 356 [2010]), "that deportation is a plea consequence of such tremendous importance, grave impact and frequent occurrence that a defendant is entitled to notice that it may ensue from a plea." Thus, "to protect the rights of the large number of noncitizen defendants pleading guilty to felonies in New York, trial courts must now make all defendants aware that, if they are not{**74 Misc 3d at 91} United States citizens, their felony guilty pleas may expose them to deportation" (Peque, 22 NY3d at 197). However, in Peque (22 NY3d at 197 n 9), the Court expressly reserved the question as to whether that rule applies to a guilty plea to a misdemeanor, and defendant herein pleaded guilty to a violation, which was not addressed at all by the Peque Court. In the exercise of abundant caution and based upon the nature of the underlying facts alleged in the accusatory instrument, we consider the merits of defendant's argument (see People v Taylor, 66 Misc 3d 149[A], 2020 NY Slip Op 50269[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]).
[3] Even where the Peque rule expressly applies, "the trial court's failure to provide such advice does not entitle . . . defendant to automatic withdrawal or vacatur of the plea" (Peque, 22 NY3d at 176). Rather, a defendant seeking to vacate a plea based on this defect "must establish the existence of a reasonable probability that, had the court warned the defendant of the possibility of deportation, he or she would have rejected the plea and opted to go to trial" (Peque, 22 NY3d at 176). Under the circumstances presented, where the Criminal Court did not apprise defendant of the possibility of deportation as a consequence of his plea, but defendant has not met his burden of establishing the existence of a reasonable probability that, had the court properly warned him, he would have rejected the plea and opted to go to trial, we deem it appropriate to hold the appeal in abeyance and to remit the matter to the Criminal Court to afford defendant an opportunity to move to vacate his plea, and for a report by that court thereafter (see People v Cole, 159 AD3d 829 [2018]; Nikoghosyan, 2020 NY Slip Op 50952[U]). Any such motion shall be made by defendant within 90 days after the date of this decision and order. Finally, the Criminal Court's report to this court shall state whether defendant moved to vacate his guilty plea, and, if so, the Criminal Court shall make a finding as to whether defendant successfully demonstrated or failed to demonstrate the necessary showing (see Cole, 159 AD3d 829; Nikoghosyan, 2020 NY Slip Op 50952[U]).
Accordingly, the matter is remitted to the Criminal Court to afford defendant an opportunity to move, within 90 days of the date of this decision and order, to vacate his plea, in accordance with this decision and order, and for a report thereafter on any such motion by defendant, and the appeal is held in abeyance pending receipt of the Criminal Court's report. The [*3]Criminal Court shall file its report with all convenient speed.{**74 Misc 3d at 92}
Aliotta, P.J., Toussaint and Golia, JJ., concur.