People v Luna-Velasquez (2022 NY Slip Op 22116)

People v Luna-Velasquez

2022 NY Slip Op 22116 [75 Misc 3d 14]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, June 15, 2022

[*1]

The People of the State of New York, Respondent,
v
Samuel Luna-Velasquez, Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, April 7, 2022

APPEARANCES OF COUNSEL

Feldman & Feldman (Steven A. Feldman of counsel) for appellant.
Raymond A. Tierney, District Attorney (Rosalind C. Gray and Marion Tang of counsel), for respondent.

{**75 Misc 3d at 16} OPINION OF THE COURT

Memorandum.

Ordered that the judgment convicting defendant of endangering the welfare of a child is reversed, on the law, the accusatory instrument charging that offense is dismissed, and the fine, if paid, is remitted; and it is further ordered that so much of the appeal as is from the judgments convicting defendant of driving while ability impaired and unlicensed operation of a motor vehicle is held in abeyance, and the matter is remitted to the Justice Court to afford defendant an opportunity to move, within 90 days of the date of this decision and order, to vacate his pleas, in accordance with this decision and order, and for a report thereafter limited to the Justice Court's findings with respect to whether defendant has moved to vacate his pleas of guilty and, if so, whether he has established an{**75 Misc 3d at 17} entitlement to the withdrawal of the pleas. The Justice Court shall file its report with all convenient speed.
Defendant was charged in a felony complaint with aggravated driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2-a] [b]) and common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). In a separate misdemeanor information, defendant was charged with endangering the welfare of a child (Penal Law § 260.10 [1]) in which it was alleged, among other things, that defendant operated his motor vehicle "in an intoxicated condition" and his two minor children were passengers in the vehicle at that time. Defendant was also charged in separate simplified traffic informations with unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]), and other traffic infractions.
At a proceeding on November 27, 2017, the felony complaint was replaced with a prosecutor's information charging defendant with driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) and the charges in the felony complaint were dismissed. On March 5, 2018, at a plea proceeding, there was no mention on the record, by the court or defense counsel, of any immigration consequences as a result of a guilty plea. Defendant pleaded guilty to endangering the welfare of a child, driving while ability impaired and unlicensed operation of a motor vehicle in satisfaction of the charges, and the court imposed sentences.
On appeal, defendant contends that the accusatory instrument charging him with endangering the welfare of a child is facially insufficient, the charges in the felony complaint were not properly reduced, his guilty pleas were not knowing, voluntary and intelligent because the Justice Court had failed to inform him—during the course of the plea colloquy—of the possible immigration consequences of his guilty pleas, and he received the ineffective assistance of counsel due to counsel's failure to advise him of the immigration consequences of his guilty pleas.
As a threshold matter, we note that "[a] valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Smalls, 26 NY3d 1064, 1066 [2015] [internal quotation marks omitted]; see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Case, 42 NY2d 98 [1977]; see also CPL 170.30, 170.35). In the instant case, since defendant did not waive prosecution by information, the sufficiency of the accusatory instrument must be evaluated{**75 Misc 3d at 18} under the standards that apply to an information (see CPL 100.15, 100.40 [1] [a]; People v Barnes, 26 NY3d 986 [2015]; People v Kalin, 12 NY3d 225, 228 [2009]; People v Weinberg, 34 NY2d 429, 431 [1974]). An information is sufficient on its face if it contains nonhearsay factual allegations of an evidentiary nature which establish, if true, every element of the offenses charged and the defendant's commission thereof (see CPL 100.15 [3]; 100.40 [1]; People v Henderson, 92 NY2d 677, 679 [1999]; People v Alejandro, 70 NY2d 133, 136-137 [1987]). As defendant pleaded guilty, the nonhearsay requirement was forfeited (see People v Keizer, 100 NY2d 114, 122 [2003]). Further, the law does not require that an information contain the most precise words or phrases which most clearly express the thought; rather, the offense must be sufficiently alleged and the defendant provided with sufficient notice so that he or she can prepare for trial and not be tried again for the same offense (see People v Sedlock, 8 NY3d 535, 538 [2007]; People v Konieczny, 2 NY3d 569, 575 [2004]; People v Casey, 95 NY2d 354 [2000]).
[1] A person is guilty of endangering the welfare of a child when "[h]e or she knowingly acts [*2]in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old" (Penal Law § 260.10 [1]). The accusatory instrument herein merely alleges that defendant operated the motor vehicle in "an intoxicated condition" and "made numerous Traffic Law violations," while two minors were passengers. It does not provide any allegations from which one could conclude that defendant was "intoxicated" or that he had operated the vehicle in such a manner as would likely be injurious to the physical, mental or moral welfare of a child less than 17 years old (see People v South, 29 Misc 3d 92, 96 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; People v Chase, 186 Misc 2d 487, 488 [App Term, 2d Dept, 9th & 10th Jud Dists 2000]). As the factual allegations of that accusatory instrument were conclusory and failed to meet the requirements of CPL 100.15 (3) and 100.40 (4) (b) (see People v Dumas, 68 NY2d 729 [1986]), the accusatory instrument is jurisdictionally defective (see Dumas, 68 NY2d 729; People v Bottari, 31 Misc 3d 90 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; South, 29 Misc 3d at 96).
[2] Contrary to defendant's contention, the reduction of the charges in the felony complaint need not be made by notations on the face of the felony complaint (see CPL 180.50 [3] [a] [iii]),{**75 Misc 3d at 19} as the charges in the felony complaint were properly reduced pursuant to CPL 180.50 (3) (a) (i) when the People replaced it with the prosecutor's information charging him with driving while ability impaired. Moreover, by pleading guilty to the charge, defendant forfeited any claim that the Justice Court failed to conduct an inquiry, pursuant to CPL 180.50, prior to the reduction (see People v Hunter, 5 NY3d 750, 751 [2005]; People v Hansen, 95 NY2d 227, 230 [2000]; People v Prescott, 66 NY2d 216 [1985]).
[3] Since defendant was sentenced in the same proceeding in which he entered his pleas of guilty, and was not otherwise made aware of the deportation consequences of his pleas (cf. People v Delorbe, 35 NY3d 112 [2020]), he had no practical ability to object to the deficiency in the allocution, which was clear from the face of the record, or to otherwise tell the court, if he chose, that he would not have pleaded guilty if he had known about the possibility of deportation (see People v Peque, 22 NY3d 168, 182 [2013]). Consequently, defendant's claim falls within the narrow exception to the preservation doctrine since he had no opportunity to withdraw or move to vacate his pleas (see Peque, 22 NY3d at 183; People v Taylor, 66 Misc 3d 149[A], 2020 NY Slip Op 50269[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; People v Bello, 55 Misc 3d 152[A], 2017 NY Slip Op 50769[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Assuming, without deciding, that Peque (22 NY3d at 168) also applies to misdemeanors and traffic infractions alike (see e.g. People v Nikoghosyan, 68 Misc 3d 130[A], 2020 NY Slip Op 50952[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; People v Jules, 60 Misc 3d 128[A], 2018 NY Slip Op 50938[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; see generally People v Oriel C., 68 Misc 3d 128[A], 2020 NY Slip Op 50893[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Taylor, 2020 NY Slip Op 50269[U]), the record demonstrates that the Justice Court failed to notify defendant of the deportation consequences of his guilty plea.
[*3]
Nevertheless, "the trial court's failure to provide such advice does not entitle the defendant to automatic withdrawal or vacatur of the plea" (Peque, 22 NY3d at 176). Rather, a defendant seeking to vacate a plea based on this defect "must establish the existence of a reasonable probability that, had the court warned the defendant of the possibility of deportation, he or she would have rejected the plea and opted to go to trial" (id.).
{**75 Misc 3d at 20}In light of the Justice Court's failure to apprise defendant of the possibility of deportation as a consequence of his plea, and the fact that defendant has not met his burden of establishing the existence of a reasonable probability that, had the court properly warned him, he would have rejected the plea and opted to go to trial, we deem it appropriate to hold so much of the appeal in abeyance as was from the judgments convicting defendant of driving while ability impaired and unlicensed operation of a motor vehicle, and to remit the matter to the Justice Court to afford defendant an opportunity to move to vacate his plea, within 90 days of the date of the order hereon, and for a report by that court thereafter (see Peque, 22 NY3d at 198 n 11; People v Cole, 159 AD3d 829 [2018]; Nikoghosyan, 2020 NY Slip Op 50952[U]; Taylor, 2020 NY Slip Op 50269[U]; People v Alexander, 65 Misc 3d 151[A], 2019 NY Slip Op 51874[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; Bello, 2017 NY Slip Op 50769[U]).
Here, based upon the existing record, without the benefit of additional facts that might have been developed after an appropriate motion, this court cannot conclude that counsel failed to give the requisite immigration advice in accordance with Padilla or that counsel's representation was otherwise ineffective under the federal and state standards (see US Const 6th Amend; NY Const, art I, § 6; Padilla v Kentucky, 559 US 356 [2010]; Hill v Lockhart, 474 US 52, 59 [1985]; Strickland v Washington, 466 US 668, 687 [1984]; People v Benevento, 91 NY2d 708, 712 [1998]; People v Baldi, 54 NY2d 137 [1981]). To the extent that the complaint about counsel does not appear on the record, defendant must raise the claim via a CPL 440.10 motion (see Peque, 22 NY3d at 202; People v Haffiz, 19 NY3d 883, 885 [2012]; People v McLean, 15 NY3d 117, 121 [2010]; People v Love, 57 NY2d 998, 1000 [1982]).
Accordingly, the judgment convicting defendant of endangering the welfare of a child is reversed and the accusatory instrument charging that offense is dismissed. So much of the appeal as is from the judgments convicting defendant of driving while ability impaired and unlicensed operation of a motor vehicle is held in abeyance, and the matter is remitted to the Justice Court to afford defendant an opportunity to move, within 90 days of the date of this decision and order, to vacate his pleas, in accordance with this decision and order, and for a report thereafter limited to the Justice Court's findings with respect to whether the defendant has moved to vacate his pleas of{**75 Misc 3d at 21} guilty and, if so, whether he has established an entitlement to the withdrawal of the pleas. The Justice Court shall file its report with all convenient speed.
Driscoll, J.P., Garguilo and Emerson, JJ., concur.